# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 16, 2016

Plaintiff-Appellee,

v

No. 324275
Presque Isle Circuit Court
LC No. 13-092844-FC

JEREMIAH ALLEN DEWEY,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

RONAYNE KRAUSE, P.J. (*concurring in part and dissenting in part*).

I write separately to concur, for the most part, in the majority's opinion and to dissent regarding the need to remand this case under *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318329).

As the majority notes, defendant argues that he is entitled to resentencing because the minimum sentence imposed by the trial court for the convictions in this case violated the principles of proportionality and the trial court's reasoning for the departure was neither substantial nor compelling and thus insufficient to justify the sentence.

The majority correctly notes that, under the recent case of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), a trial court is no longer required to articulate substantial and compelling reasons for a departure from the sentencing guidelines' minimum sentence range. *Id*. at 364-65, 391-92. Under *Lockridge*, while the sentencing guidelines must still be scored by the trial court, the resulting range is merely an advisory range that must be taken into account by the trial court when imposing a sentence. *People v. Stokes*, ___ Mich App ___, ___NW2d___, slip op. at 8 (2015) (Docket No. 321303). Moving forward, "sentence[s] that depart from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392.

The majority believes that, since *Lockridge* had not been decided at the time this defendant's sentence was imposed, we must remand in accordance with the *Crosby* procedure outlined in *Steanhouse*, ___Mich App at ___; slip op at 2-3. I disagree. "The purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence, so that it may be determined whether any prejudice resulted from the error." *Stokes*, ___ Mich App at ___; slip op at 11. In *Lockridge*, the Supreme Court applied the rules set forth in *Alleyne* and *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), to

Michigan's sentencing guidelines. *Stokes*, ___ Mich App ___; slip op at 6. The *Lockridge* court "held that Michigan's sentencing scheme violates the Sixth Amendment right to a jury trial because it requires 'judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range." *Id*. To remedy this violation, the *Lockridge* court declared that Michigan's sentencing guidelines were advisory rather than mandatory, thereby holding that trial courts no longer need to find substantial and compelling reasons to depart from the guidelines but, rather, may depart from the guidelines range when reasonable to do so. *Id*. at 8. Therefore, when a trial court engages in judicial fact-finding, the trial court has committed a *Lockridge* error; however, the *Lockridge* court was clear that when a defendant receives "an upward departure sentence that did not rely on the minimum sentence range for the improperly scored guidelines (and indeed, the trial court necessarily had to state on the record its reasons for *departing* from that range), the defendant cannot show prejudice." *Lockridge*, 498 Mich at 394.

In this case, the trial judge did not engage in judicial fact-finding when scoring the guidelines. The trial court properly scored the guidelines and then stated its reasons for departing from the guidelines. Even assuming, arguendo, that the trial court employed the substantial and compelling test when it engaged in this departure, applying the *Lockridge* reasonableness standard would have no effect on defendant's sentence and remand is thereby unnecessary.

In *Steanhouse*, this Court has stated the test to be used in determining the reasonableness of a sentence upon review. This court concluded that "reinstating the previous standard of review in Michigan, as a means of determining the reasonableness of a sentence, is preferable to adopting the analysis utilized by the federal courts and is most consistent with the Supreme Court's directives in *Lockridge*." *Steanhouse*, ___ Mich at ___; slip op at 24. Furthermore, "a sentence that fulfills the principle of proportionality under *Milbourn* and its progeny constitutes a reasonable sentence under Lockridge." *Id*.

Under the test articulated in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "the principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." Stating it another way, "the judge . . . must take into account the nature of the offense and the background of the offender." *Id*. at 651. Regarding sentences that depart from the guidelines' recommendation, the *Steanhouse* court quoted *Milbourn* at length, including:

> that departures [from the guidelines] are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing . . . [T]rial judges may continue to depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime. [*Steanhouse*, ___ Mich at ___; slip op at 23, quoting *Milbourn*, 435 Mich at 657].

Here, the trial court, when handing down defendant's sentence, properly took "the nature of the offense and the background of the offender" into consideration. *Milbourn*, 435 Mich at 651. Defendant repeatedly sexually abused the victim, resumed his abuse after she returned to

his life and he infected her with a sexually transmitted disease. On the record at sentencing, the trial court stated:

> I think on this one there is substantial and compelling reasons to go outside the guideline range and that the guidelines do not take into consideration and account for the fact that this young girl had been previously sexually molested by you when she was about six years old, and then was separated from you due to your relationship with her mother, and she was left out in Washington for several years. And I don't think the guidelines score considers the fact that you previously sexually abused her, abusing your authority over her, and then years later, when reunited with her, you engage in similar conduct with her. The damage is hard to fathom or calculate.
>
> . . . It involves you being in charge as a de facto sort of step dad. Mom chose to live with you and bring her child. And, unfortunately, you were left alone with the girl when she was very young, about six years of age, and it appears that on multiple occasions you had sex with her and infected her with an STD. And I don't think the guideline range takes into account the number of times she was violated. I don't think it accurately reflects the problems with being infected with an STD. And I don't think it considers the fact that we know that when you were reunited with her seven years later, you're going to violate her again.

Based on this record, I find that the sentence imposed by the trial court was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 651. As the trial court's departure is reasonable, I would affirm the departure and decline to remand this case to the trial court.

Additionally, I note that there has been substantial disagreement among the various panels of the Court as to whether a Crosby remand is required for an upward departure based upon the substantial and compelling test. However, a conflict panel has not been convened as most of this debate has percolated in unpublished opinions. See MCR 7.215(J). Given the divide among this Court and the frequency with which this issue has been presented, I suspect that clarity will eventually require that direction be provided by our Supreme Court.


/s/ Amy Ronayne Krause